REGAN, Judge.
Plaintiff, Dane & Northrop, an ordinary partnership composed of John Dane and Abner K. Northrop', engaged in the loan brokerage business, instituted this suit against defendant, Maurice L. Todt, endeavoring to recover the principal sum of $1,000, representing a commission of 2% of $50,000, the amount of the loan secured by plaintiff on behalf of defendant, together with an attorney’s fee of $250.
■Defendant pleaded exceptions of “no right or cause of action” which were referred to the merits, then answered denying that he was indebted unto plaintiff in any sum whatsoever and averred that “the reason he refused to accept the loan offered by plaintiff * * * was because the plaintiff failed to procure the * * * loan within a reasonable time, thus forcing * * * defendant, in order to protect his .business interests, to procure a loan elsewhere.”
The trial court rendered judgment in favor of plaintiff in the amount of $1,000, hence this appeal by defendant. Plaintiff has answered the appeal requesting that the judgment be amended to include attorney’s fees as initially prayed for in the court a qua.
The record reflects that plaintiff and defendant were acquainted with each other by virtue of a prior loan transaction. In the month of February, 1950, defendant discussed with Northrop, a member of the partnership, the feasibility of securing an increase of his existing loan to $60,000. Northrop promptly advised defendant that he could not procure a loan for that amount, but he felt relatively sure that he could procure a loan for defendant on his property in the amount of $50,000.
As a result of the foregoing discussion, defendant, on February 27, 1950, executed a written application, addressed to plaintiff, for a “First Mortgage Loan of $50,000’.-00 or such portion thereof, as may be hereafter accepted”, on the property owned by him in No. 611 Canal Street, in the-City of New Orleans, Louisiana. The application for the foregoing loan contains a clause which stipulates “* * * should I for any reason fail or refuse to complete the loan within 30 d'ays after notification to me by Dane & Northrop of the acceptance of said application I agree to pay all expenses incurred in connection with this application and agree, in addition, to pay the commission of Dane & Northrop the same as if said loan had been completed, which commission is hereby fixed at 2%.”
Plaintiff, as loan correspondent, submitted this application to Aetna Life Insurance Company. On April 24, 1950, a firm committment to make the loan was issued by the Insurance Company, and defendant was notified in writing on April 27, 1950, by plaintiff of the approval of the loan. At this point there is a sharp conflict in the testimony. Defendant maintains that on April 22, 1950, he orally informed plaintiff that he had, on April 20, 1950, applied for a loan from another source and therefore plaintiff’s services were no longer required. Plaintiff denies that it ever , received such an ultimatum from the defendant and, in substantiation of Northrop’s version of the case, points to a letter dated April 27, 1950 written by defendant’s attorney and addressed to plaintiff, in which letter defendant acknowledged receipt of plaintiff’s letter informing him that his loan for $50,000 had been approved by Aetna Life Insurance Company, and requested plaintiff “to hold this application for the loan in abeyance until arrangements can be made with other mortgage holders on this property to effectuate releases partially or otherwise.”
Defendant, in his endeavor to. overcome the unfavorable effect of this letter upon his case, testified that he did not consider this offer of a loan responsive to his application of February 27, 1950, since he had withdrawn his application in the interim— therefore, since defendant considered .this proposed loan as a new offer from plaintiff, defendant advised it to hold the matter in abeyance so that 'he could decide whether to accept plaintiff’s loan as now offered.
In any event, instead of completing this loan defendant, on April 20, 1950, applied for and obtained a loan of $55,000 6n the same property from the Prudential Insurance Company of America, which was consummated on June 30, 1950.
*424 Subsequently defendant refused to pay to plaintiff the 2% commission as stipulated in the contract of February 27, 1950, ■whereupon this litigation resulted.
Counsel for defendant devote a portion of their brief to argument on the exceptions of no right or cause of action pleaded on behalf of defendant in the lower court and referred to the merits, by the trial judge. They base these exceptions first, on the premise that the penalty clause contained in the loan application is unenforceable because the principal obligation is invalid and, secondly, on the premise that if the application did constitute a contract, it would be a nullity because it contains a pure potestative condition.
We are of the opinion that these exceptions are not well taken and find no error in the fact that the trial judge referred them to the merits of the case.
The testimony contained in the record establishes as a fact that defendant executed an application addressed to plaintiff for a loan and that plaintiff obtained -this loan for him; defendant did not inform plaintiff on April 22, 1950 that its “services were no longer required”; and that defendant refused to consummate the loan obtained for him by virtue of plaintiff's efforts.
Defendant, therefore, bases liis defense upon the contention that there was unreasonable delay on the part of plaintiff in procuring the loan, or more comprhensively, since the application was executed on February 27, 1950, and the notification of the approval of the loan was dated April 27, 1950, he was not required to complete the loan, since the notification was not received within a reasonable time and hence not an acceptance of defendant’s offer of February 27, 1950.
Despite the unusual delay which defendant insists that he endured, upon receipt of the notification of the approval of the loan from plaintiff, he did not reject it, but instead authorized his attorney to write plaintiff acknowledging receipt thereof, and requesting plaintiff to “hold this application for the loan in abeyance until arrangements can be made with other mortgage holders on this property to effectuate releases partially or otherwise.” Defendant conceded that he thought it would be best not to reject this loan, but to hold it in abeyance, and it appears obvious in contemplation, that his purpose was to retain the security of plaintiff’s loan while he waited to ascertain if he could procure a larger loan from the Prudential Insurance Company of America.
An analysis of the testimony appearing in the record discloses that whatever delay which may have existed in processing the loan, was caused not by any procrastination on the part of plaintiff, but by the usual and customary requirements which are an inherent part of the “loan business.” The lender in this case requested full particulars concerning the existing leases on the property which was the subject of the loan, together with the credit rating of the lessees and sublessees and plaintiff Northrop stated that he experienced both difficulty and delay in procuring copies of existing leases and other essential information from the defendant.
The question of whether the com-mittment for a loan received by defendant on April 27, 1950, or two months after the initial application therefor constituted an unreasonable delay is clearly a question of fact for the trial court to decide from the evidence before it. That court after hearing all of the evidence was of the opinion that no unreasonable delay existed and we find no error in its conclusion.
Plaintiff has answered the appeal requesting that the judgment be amended to include an award of $250 as attorney’s fees. This claim is based on a provision contained in the loan application which requires defendant to pay “all costs incurred in connection with the application” and, therefore, plaintiff contends that attorney’s fees are an item of costs incurred by plaintiff in connection with the preservation of its legal rights emanating from the loan application, which it should recover.
The trial court refused to permit plaintiff to introduce any evidence into the record in support thereof and we find no error in this ruling. Attorney’s fees are not one of the costs encompassed by the *425 stipulation contained in the loan application.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.